[No. 1251.]

SAM. McMAHAN *v.* THE STATE.

1. SLANDER—INDICTMEMT.—An indictment for slander, by falsely and maliciously, or falsely and wantonly, imputing to a female a want of chastity, should not only set out the words constituting the oral slander, but should also charge that they were uttered or spoken in the presence of some one; and the better practice would be to set out the names, or some of them, of the persons before whom they were uttered or spoken.

2. SAME—EVIDENCE—CASE STATED.—The slanderous words charged by the indictment to have been used by the defendant were: "Olia Hardin is a G—d d——d whore; she was in a whore house in Dallas."  The defense proposed to ask of a witness if, in a conversation in the presence of the witness, the said Olia did not, on the night before she left for Dallas, consult the witness's mother about the propriety of going into a bawdy house in Dallas.   *Held*, that the evidence was competent, and its exclusion was error.   See the opinion *in extenso* on the question.

3. SAME—PRACTICE.—In a prosecution for slander by imputing to a female a want of chastity, it is not necessary for the State to show that such imputation was false; but the defendant may, in justification, show the truth of the imputation, and the general reputation for chastity of the female alleged to have been slandered may be inquired into.

4. SAME—INTENT.—Though the State is expressly excused from showing the falsity of the imputation, it is not excused from showing that it was maliciously or wantonly made; and the evidence excluded was competent upon the question of the intent with which the alleged slanderous words were spoken.   And further, as it might have tended to show that the imputation was wantonly but not maliciously made, the excluded evidence was admissible, if for no other purpose, in mitigation of the punishment to be assessed.

---

---

5. SAME—CHARGE OF THE COURT.—Where, in a prosecution for slander, the State has established that the slanderous words were used falsely and maliciously, or falsely and wantonly, the only defense under the statute will be proof by the defendant of the truth of the imputation, or that the general reputation of the female for chastity is bad, and to that extent the burden of proof is upon the defendant. See the opinion *in extenso* for a charge upon this subject, *held* correct.

APPEAL from the County Court of Rockwall. Tried below before the Hon. T. L. Stanfield, County Judge.

The opinion of the court states the nature of the case. The punishment assessed by the jury was a fine of two hundred dollars.

Three or four witnesses, testifying for the State, stated that the defendant had told them that Miss Olia Hardin, the alleged injured party, was a whore, and had been in a public whore house in Dallas. These communications were made to the witnesses separately, and on different occasions.

Several additional witnesses for the State, having qualified themselves, pronounced Miss Hardin's reputation for chastity to be good.

The motion for new trial raised the questions involved in the rulings of the court, and assailed the verdict as unsupported by either the law or evidence.

*Manion & Adams*, for the appellant, filed a lengthy and able brief.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J. The information in this case charges, "that heretofore, to-wit, on or about the first day of August, A. D. 1881, Sam McMahan did, in the county of Rockwall, and State of Texas, falsely, maliciously and wantonly, impute to Olia Hardin, an unmarried female, in this State, a want of chastity, by uttering, publishing and declaring in certain conversations the words following, to-wit." The information then proceeds to state the words used.

It is based upon Article 645 of the Penal Code, which reads as follows: "If any person shall orally or otherwise falsely and maliciously, or falsely and wantonly impute to any female in

this State, married or unmarried, a want of chastity, he shall be deemed guilty of slander," etc.

One of the grounds of objection to the information, urged on the motion in arrest of judgment, was that it fails to allege that the slanderous words were uttered in the presence or hearing of any one.

In *Lagrone's* case, 12 Texas Ct. App., 426, the objection to the information, which was otherwise similar to the one before us, was that it did not set out the words constituting the oral slander, and the omission was held a fatal defect. The point here made was not raised in that case. Had it been, doubtless the information would also have been held bad in that respect. According to all precedent the indictment or information for slander should allege that the slanderous words were uttered or spoken in the presence of some one. Without proof that they were so uttered or spoken, we imagine it would hardly be possible, in a charge of oral slander, to make out and establish the crime. "Everything should be stated in the indictment which it is necessary to prove." (Code Crim. Proc., Article 421.)

Approved precedents and forms contain the allegation that the scandalous or seditious words were uttered, pronounced, declared or spoken "in presence and hearing of divers good citizens," etc. (2 Whart. Precedents of Ind. and Plead., p. 961, *et seq.;* 2 Bish. Crim. Proc., § 807.) We are further of opinion that the better practice would be for the pleader, under Article 645, to set out the name or names of the parties, or some of them, in whose presence or hearing the words were spoken. It would certainly render the charge more certain and specific, and enable the defendant the more readily to plead whatever judgment might be rendered in bar of any subsequent prosecution for the same offense.

On the trial of the case, whilst Astina Morton was on the witness stand for the appellant, she was asked whether or not, some time prior to August, 1881, she had ever heard a conversation between her mother and Olia Hardin; which the witness answered affirmatively. The appellant's counsel then asked her to state what the conversation was. The State's counsel objected, and the objection was sustained by the court, and the appellant saved his bill of exception. The appellant's counsel then proposed to ask said witness if Olia Hardin did not, at said time, consult with witness's mother as to the propriety of her (Olia) going into a bawdy house in Dallas, and if Olia, at said time,

did not say that she could not get along at home with her father, he being so very unpleasant and disagreeable, and that she was going into a bawdy house in Dallas, and that this occurred at the witness's father's house the night before Olia left for Dallas. The State's counsel objected to this and the court sustained the objection, and the appellant saved his bill of exceptions.

We are of opinion that the evidence was admissible, and that the court erred in excluding it. Article 646 of the Penal Code provides that, "in any prosecution under this chapter (slander), it shall not be necessary for the State to show that such imputation was false, but the defendant may, in justification, show the truth of the imputation, and the general reputation for chastity of the female alleged to have been slandered may be inquired into." Whilst the evidence might not have been sufficient to show the truth, in fact, of the imputation charged in the information, to the effect that Olia Hardin "was a whore," and that "she was in a whore house in Dallas," still the evidence, if true, would have established the fact that, the night before she left for Dallas, she had declared her intention of doing the very thing which, if done by her, would have verified the truth of the imputation made by the defendant against her.

Besides this, it is necessary to constitute the crime as denounced in the statute (Article 645 of the Penal Code), that the imputation must be either "falsely and maliciously," or "falsely and wantonly" made; that is, it is not sufficient alone that it should be false, but in addition it must also be malicious or wanton. And whilst the State is expressly excused by Article 646 from showing that the imputation is false, it is not excused from showing that it is malicious or wanton. The evidence, therefore, became important in determining the intent of defendant in uttering the alleged slander, and whether he did so maliciously or wantonly, or whether he did so having good reason to believe it was true.

More than this, even if the imputation was wantonly, but not maliciously, made, we apprehend that the evidence, if for no other reason, would have been admissible in mitigation of the punishment to be assessed.

In the fifth paragraph the court charged the jury as follows: "The intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act. It follows from this that if the jury believe from the evidence that the defendant, Sam McMahan,

falsely and with malice, or falsely and wantonly, used the language imputed to him in the information, applying them to Olia Hardin, the intention would be presumed, and it would devolve on him to justify himself by evidence establishing to the satisfaction of the jury the truth of the imputation, or that the general reputation of the said Olia Hardin for chastity at the time the slander is charged to have been uttered, was bad."

This instruction is complained of by the appellant, but we see no material error in it. For, if the State had established that the slanderous words were used falsely and maliciously, or falsely and wantonly, then the only defense under the statute would be proof by defendant of the truth of the imputation or that the general reputation of the female for chastity was bad. When the State fully makes out her case, then the burden is devolved on the defendant to show justification in one or both of the two modes mentioned. The charge is in accordance with the views of the court in *Patterson* v. *The State*, 12 Texas Ct. App., 458; and upon the burden of proof is within the rules prescribed in *Jones* v. *The State*, decided at the present term (*ante*, p. 1), defining the cases in, and the circumstances under which, it shifts from the State and devolves on the defendant.

There are other matters complained of, but they are not likely to arise should another trial of this case ensue.

Because the court erred in its rejection of the evidence above mentioned, the judgment is reversed; and because the indictment is fatally defective in the particular pointed out and discussed, the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered November 15, 1882.